UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUGH'S CONCRETE &
MASONRY CO., etc.,

       Plaintiff,

v.                                                    CASE NO.  8:12-CV-2631-T-17AEP

SOUTHEAST PERSONNEL
LEASING, INC.,

       Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 19   Motion to Dismiss Amended Class Action Complaint
Dkt. 21   Opposition
Dkt. 24   Notice of Filing Supplemental Authority
Dkt. 25   Notice of Filing Supplemental Authority

The Amended Complaint includes the following:

Count I     Violations of FDUTPA
Count II    Breach of Contract
Count III   Unjust Enrichment

An unexecuted, standardized Client Leasing Agreement is attached as Exhibit A to the Amended Complaint.

     Plaintiff seeks declaratory relief, the award of damages, an accounting and disgorgement, an injunction, the award of pre-judgment and post-judgment interest, the award of attorney's fees and costs, and other appropriate relief.

Case No. 8:12-CV-2631-T-17AEP

Defendant SouthEast Personnel Leasing, Inc. moves to dismiss Plaintiff's Amended Class Action Complaint (Dkt. 12) for failure to state a claim.

Plaintiff Hugh's Concrete and Masonry Co. opposes Defendant's Motion.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.   A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

2

Case No. 8:12-CV-2631-T-17AEP

II. Discussion

The Court understands the FDUTPA and breach of contract claims to be based on Defendant's alleged scheme to collect additional revenue from Plaintiff, Defendant's former client, and from Class Members, by deliberately withholding inappropriate amounts from the payroll for leased employees who performed services for Plaintiff and Class Members, in the guise of various tax withholdings which were in excess of the amounts the applicable tax laws required Defendant to withhold, and retaining those amounts as additional service fees without any notice to Plaintiff and Class Members. Plaintiff includes allegations that Defendant deliberately changed its billing practices to include a summary report, which precluded customers from promptly discovering that inappropriate amounts were withheld as to individual leased employees, and which misled customers into believing that Defendant was continuing to remit payments to state and federal governments.

The Court notes that Section VI of the standard Client Leasing Agreement addresses Service Fees:

A.  For services to be rendered under this Agreement, SPLI shall be entitled to fees, costs and charges stated on the Proposal.  The fees, costs and charges stated on the Proposal are subject to adjustment by SPLI at any time.  In addition, for services to be rendered under this Agreement, SPLI shall be entitled [sic] fees and charges as specified in Section XI (R).  A late payment charge of one and one-half percent (1-1/2%) will be added to all accounts not paid when due.  Checks returned unpaid from Client's bank will be subject to the late payment charge plus any additional costs incurred by SPLI.  SPLI reserves the right to immediately and retroactively terminate this Agreement if full payment is not made when due.  Should Client require additional services no included in this Agreement, the fee for any such additional services shall be negotiated and paid separately.

B.  The service fee and leased employee gross remuneration shall be

3

Case No. 8:12-CV-2631-T-17AEP

> invoiced to the Client when SPLI receives the information described in
> Part V. of this contract.  Once Client is notified of the invoice amount
> either electronically, by telephone, by facsimile or by actual receipt, Client
> has 4 hours to notify SPLI of any objections.  No response from Client
> upon expiration of the 4th hour will be deemed to constitute acceptance by
> the Client.

The Court also notes the Section XI, General Provisions, Paragraphs. A. through V.
The Client Leasing Agreement is an integrated contract, and is governed by and
construed in accordance with Florida law, excepting conflict of laws.  The Agreement is
to be interpreted as a whole with reference to its relevant provisions, and in accordance
with its fair meaning, and no provision will be construed against SPLI on the basis that
SPLI draft the Agreement; the Agreement shall be viewed as prepared jointly by SPLI
and Client.

A.  Shotgun Complaint

Plaintiff incorporates all of the general factual allegations into Counts I and II,
and selected general factual allegations into Count III.

Defendant argues that the Amended Complaint should be dismissed as a
"shotgun pleading."

There is only one Defendant in this case, and Plaintiff's claims are stated in
separate Counts.  The Court discourages pleading in which it is not clear which facts
support which cause of action.  However, as long as a complaint is minimally sufficient
to put a defendant on notice of the claims against him, the complaint will not fail for
mere surplusage.  Bailey v. Janssen Pharmaceutica, Inc., 288 Fed. Appx. 597 (11th Cir.
2008).  After consideration, the Court denies the Motion to Dismiss as to this issue.

4

Case No. 8:12-CV-2631-T-17AEP

B. Count I   FDUTPA

Defendant argues that Plaintiff fails to state a claim under FDUTPA by failing to allege facts to support Plaintiff's legal conclusions that "Plaintiff and Class members are consumers within the meaning of FDUTPA," and "the services provided by Defendant to Plaintiff and the Class...constitute consumer transactions within the meaning of FDUTPA." Defendant further argues that Plaintiff does not demonstrate that Defendant engaged in a "deceptive practice" that was "likely to mislead consumers." Defendant also argues that Plaintiff is impermissibly attempting to convert a breach of contract claim into a FDUTPA action.

The Amended Complaint includes allegations which establish that Defendant is in the business of providing employee leasing services, and that Plaintiff entered into a contract with Defendant for Defendant to provide those services to Plaintiff.   Defendant SPLI's business meets the definition of "trade or commerce" pursuant to Sec. 501.203(8), Florida Statutes (2005).

Pursuant to Sec. 501.203(7), Florida Statutes (2005), "consumer" means, inter alia, a business, corporation, and any commercial entity, however denominated. Florida courts have interpreted "consumer" as requiring an entity to be a "purchaser"of goods or services.   N.G.L. Travel Associates v. Celebrity Cruises, Inc., 764 So.2d 672 (Fla. 3d DCA 2000).   It is undisputed that Plaintiff purchased services from Defendant. In this context, Plaintiff is a consumer.

The FDUTPA declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Sec. 501.204(1), Florida Statutes (2005). The Court is to construe the FDUTPA liberally to protect "legitimate business enterprises from those who engage in

5

Case No. 8:12-CV-2631-T-17AEP

unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices
in the conduct of any trade or commerce. "  Sec. 501.202(2), Florida Statutes (2005).
In considering whether a defendant's actions support a finding of "unfair methods of
competition, unconscionable, deceptive or unfair acts or practices in the conduct of any
trade or commerce,", other courts have regarded this concept as "extremely broad."
MJS Music Publications, LLC v. Hal Leonard Corp., 2006 WL 1208015 (M.D. Fla.
2006).

In PNR, Inc. v. Beacon Property Management, Inc., 842 So.2d 773 (Fla. 2003),
the Florida Supreme Court notes that "[a] claim under FDUTPA is not defined by the
express terms of a contract, but instead encompasses unfair and deceptive practices
arising out of business relationships."  Where the allegations of a complaint portray
unfair and deceptive acts separate from the breach, the allegations are sufficient to
support a claim under FDUTPA.   Plaintiff argues that Defendant's change in billing
practices and intentionally misleading monthly reports are practices which misled
Defendant's customers into believing Defendant was continuing to remit payments to
state and federal governments.   Plaintiff further argues that Defendant continued these
practices after being notified of the alleged violations.   Plaintiff has alleged that these
allegations arise out of Plaintiff's business relationship with Defendant.

After consideration, the Court concludes that the allegations of the Amended
Complaint are sufficient, and denies the Motion to Dismiss as to Count I.

C.  Count III Unjust Enrichment

The elements of a cause of action for unjust enrichment are: 1) plaintiff conferred
a benefit on defendant; 2) defendant voluntarily accepted and retained the benefit; and
3) the circumstances are such that it would be inequitable for defendant to retain the

Case No. 8:12-CV-2631-T-17AEP

benefit.  Hillman Construction Corp. v. Wainer, 636 So.2d 576 (Fla. 4th DCA 1994).

Defendant argues that Defendant's alleged overcharges for federal and state taxes is subject matter covered by the express contract, and therefore Plaintiff's unjust enrichment claim cannot survive dismissal.

Plaintiff responds that Count III is pled as an alternative to Count II, the breach of contract claim.  Plaintiff argues that at this stage, Defendant has not conceded the existence of the contract or that Defendant's conduct falls within its terms.  Plaintiff contends that the allegations of the Amended Complaint are sufficient to state a cause of action for unjust enrichment, and the Motion to Dismiss should be denied.

After consideration, the Court finds that the allegations of the Amended Complaint state a cause of action for unjust enrichment.  At this stage, it is permissible to plead in the alternative.  The Court denies the Motion to Dismiss as to this issue.

D.  Class Action Allegations

Defendant argues that the Class Action Allegations in the Amended Complaint are insufficient.

Plaintiff responds that Defendant's Motion to Dismiss Class Action Allegations is premature.

The Court will address the propriety of the Class Action Allegations in the context of a motion for class certification.  The Court denies the Motion to Dismiss as to this issue.  Accordingly, it is

7

Case No. 8:12-CV-2631-T-17AEP

ORDERED that the Motion to Dismiss Amended Complaint (Dkt. 19) is **denied**.

DONE and ORDERED in Chambers, in Tampa, Florida on this

11th day of June, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record