UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUGH'S CONCRETE & MASONRY
CO., etc.,
    Plaintiffs,

v.                                    CASE NO. 8:12-CV-2631-T-17AEP

SOUTHEAST PERSONNEL
LEASING, INC.,
    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 50    Motion to Dismiss For Lack of Subject Matter Jurisdiction
Dkt. 57    Opposition

The Amended Class Action Complaint includes the following Counts:

    Count I          Violations of FDUTPA, F.S. 501.204
    Count II         Breach of Contract
    Count III        Unjust Enrichment/Money Had and Received

Plaintiff seeks a judgment on behalf of Plaintiff and the Class:

1. Declaring that this action is properly brought as a class action pursuant to Fed. R. Civ. P. 23(b)(2), and that Plaintiff is a proper representative of the Class;

2. Awarding Plaintiff and other members of the Class compensatory, statutory, and punitive damages;

3. Requiring Defendant to account for revenues earned through overcharges described in the Complaint and to disgorge these amounts;

4. Enjoining Defendant from continuing the unlawful conduct described in the Complaint;

5. Awarding Plaintiff and members of Class pre-judgment and post-judgment interest;

6. Awarding Plaintiff and members of the Class their costs and expenses of this litigation, including reasonable attorney's fees, expert fees and other costs;

7. Awarding Plaintiff and members of the Class other appropriate relief.

As to Plaintiff's Motion for Class Certification, Plaintiff moved to extend the deadline under L.R. 4.04(b), which was unopposed. (Dkt. 6). The Court granted the Motion. (Dkt. 15). On 4/30/2013, Plaintiff moved to extend the deadline, which was unopposed. The Court granted the Motion. (Dkt. 27). On 7/15/2013, Plaintiff moved to extend the deadline, arguing that Plaintiff had sought discovery as to company-wide practices, but has been prejudiced by Defendant's refusal to provide such discovery on the basis that, until a class is certified, Plaintiff is not entitled to discovery beyond facts and documents pertaining to Plaintiff. (Dkt. 46). Plaintiff requested that the Court set 2/14/2014 as the due date for the Class Certification Motion, as requested in the Case Management Report. (Dkt. 18). A Case Management Order has been entered, but does not specify a deadline for the Class Certification Motion. (Dkt. 28). Defendant opposed the Motion. (Dkt. 48).

After Defendant filed Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, on 8/12/2013, Plaintiff filed Plaintiff's Motion to Certify Class. (Dkt. 56). Since Plaintiff's Motion remains pending, and the Motion for Class Certification has been filed, the Court will enter a separate Order denying Plaintiff's Motion for extension of time as moot.

Case No. 8:12-CV-2631-T-17AEP

On July 8, 2013, Defendant Southeast Personnel Leasing, Inc. made a Rule 68 Offer of Judgment (Dkt. 50-1), offering to allow judgment to be taken against it on all claims and causes of action asserted in this lawsuit and in favor of Plaintiff Hugh's Concrete & Masonry Co. for the full amount of damages claimed by Plaintiff, including actual damages, injunctive relief, pre-and-post-judgment interest, attorney's fees and costs. The Offer states:

> "1.   Defendant will pay Plaintiff the greater of: (a) the sum of $16,000. which is equal to or greater than the full amount of damages that Plaintiff claims it is owed in the Amended Class Action Complaint [see generally, D.E. 12]; or (b) Plaintiff's verifiable actual damages as calculated by Plaintiff.
>
> 2.   In addition, Defendant will also pay Plaintiff its reasonable attorneys' fees and costs, as well as pre- and post-judgment interest, in amounts to be determined by the Court after a motion seeking such amounts has been filed, brief, and argued by the parties;
>
> 3.   In addition, with respect to Plaintiff's demand for injunctive relief, Defendant will agree to cease charging Plaintiff in the manner alleged in the Amended Class Action Complaint.
>
> 4.   If Plaintiff fails to obtain a more favorable judgment against Defendant, please take note that, pursuant to Fed. R. Civ. P. 68(d), Defendant will ask the Court to deny Plaintiff any post-offer costs, including attorneys' fees, and Plaintiff shall become obligated to pay the costs incurred by Defendant, including attorneys' fees, after the making of this Offer in addition to any other rights and remedies available under the law.
>
> 5.   This Offer is intended to resolve, finally and fully, the claims and causes of action alleged by Plaintiff against Defendant, and is not to be construed as an admission that Defendant is liable in this action to Plaintiff (or any other entity) or as an admission that Plaintiff (or any other entity) has suffered any damages as alleged in the Amended Class Action Complaint.
>
> 6.   This Offer will remain open until it expires by operation of law, unless otherwise withdrawn by Defendant. Evidence of this Offer is not

admissible except in a proceeding to determine costs and/or fees.

7. Please also be advised that Defendant will consider extending this Offer to any other entities that claim to have been injured in the same manner as alleged by Plaintiff in the Amended Class Action Complaint. Please advise Defendant of the names of any such entities."

(Dkt. 50-1, pp. 1-2).

In the Offer of Judgment, Defendant included a discussion of Plaintiff's request for the award of punitive damages in Footnote 1:

"Although it appears that Plaintiff also seeks "punitive damages" in the Amended Class Action Complaint, "case precedent has established that punitive damages are **unavailable** under FDUTPA, see *Heidel v. Southside Chrysler-Plymouth,* 476 So.2d 266, 271 (Fla. 1st DCA 1985), and **the plain language of the statute limits recover[y] to actual damages, attorney's fees and court costs,** see Fla. Stat. Sec. 501.211." *Rollins, Inc. v. Black,* No. 3:03-cv-772, 2004 WL 5572913, at *(M.D. Fla. Oct. 8, 2004)(emphasis added). Likewise, Plaintiff's claims for breach of contract and unjust enrichment do not allow for the recovery of punitive damages. *See, e.g. Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.,* 687 So.2d 821, 822-23 (Fla. 1996)(holding that punitive damages not recoverable in breach of contract action, irrespective of motive of defendant; *Priority Healthcare Corp. v. Surajit Chaudhuri, M.D. P.A.,* No. 6:08-cv-425, 2008 WL 4459041, at *5 (M.D. Fla. Oct. 1, 2008)("Because unjust enrichment is not intended to be punitive, I find that punitive damages are not available under this theory.").

As to the $16,000 Defendant offered to pay to Plaintiff, Defendant states that "this amount exceeds any amount that Plaintiff could recover in this case, and is based on several significant assumptions in Plaintiff's favor. Defendant has produced documents used to calculate this amount in response to Plaintiff's document requests, *see* Bates Nos. 000001-000404."

Plaintiff did not accept Defendant's Offer of Judgment. (Dkt. 50-3).

4

Case No. 8:12-CV-2631-T-17AEP

Defendant argues that Defendant's Offer provided Plaintiff with relief that is equal to or greater than that which Plaintiff could obtain at trial. Defendant argues that Plaintiff's claims are moot. See Genesis Healthcare Corp. V. Symczyk, 133 S.Ct. 1523, 1532 (2013); Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166-67 (11th Cir. 2012)("Offers for the full relief requested have been found to moot a claim.") Defendant further argues that Defendant offered to satisfy Plaintiff's entire demand, that there is no pending case or controversy before the Court, and the Amended Complaint should be dismissed for lack of subject matter jurisdiction. Defendant further argues that the burden of proving that jurisdiction exists is on Plaintiff. United States v. Tinoco, 304 F.3d 1088, 1105 n. 18 (11th Cir. 2002). Defendant also argues that, where the claims of a named plaintiff become moot prior to class certification, the entire action becomes moot. Comer v. Cisneros, 37 F.3d 775, 778 (2d Cir. 1994); Rocky v. King, 900 F.2d 864, 869 (5th Cir. 1990); Tucker v. Phyfer, 819 F.2d 1030, 1033 (11th Cir. 1987). Defendant relies on Damasco v. Clearwire Corp., 662 F.3d 891, 896-97 (7th Cir. 2011). Defendant argues that the Eleventh Circuit's application of the mootness doctrine in the context of collective actions brought under the FLSA suggests that the doctrine is properly applied in the class context. See Dionne v. Floormasters Enter., Inc., 667 F.3d 1199 (11th Cir. 2012)

Plaintiff opposes Defendant's Motion to Dismiss. Plaintiff argues that Defendant's Rule 68 Offer does not provide "full relief" for Plaintiff's claims, and Plaintiff has not unduly delayed in seeking class certification, such that the Court should reject Defendant's tactical attempt to "pick off" Plaintiff.

I. Standard of Review

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack. In a facial attack, the factual allegations of the Complaint are taken as true. In a factual

5

Case No. 8:12-CV-2631-T-17AEP

attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the allegations of the Complaint are not presumptively true. Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

II. Discussion

Defendant's Motion to Dismiss involves matters outside the Complaint; it is based on Defendant's Offer of Judgment. The Court views the Motion as a factual attack on the Court's subject matter jurisdiction.

Plaintiff and Defendant entered into a Leased Employee Agreement in 2006, and the Agreement continued in effect until October, 2012, when Plaintiff terminated it. In general, Plaintiff had management control over the work performed by the leased employees, and Defendant performed the administrative functions typically handled by an employer's human resources department. Plaintiff was responsible for making payments to Defendant to cover the payroll, taxes, benefits, and administrative fees as to the leased employees, along with a service fee. (Dkt. 12, par. 9). The Court has previously denied Defendant's Rule 12(b)(6) motion (Dkt. 35); the Court describes the general factual background of Plaintiff's Amended Complaint in that Order.

In the Amended Complaint, Plaintiff seeks the award of compensatory, statutory and punitive damages, inter alia, and demands a jury trial as to all triable issues. Plaintiff does not specify the amount of damages sought as to Plaintiff's individual

6

Case No. 8:12-CV-2631-T-17AEP

claim.

As to jurisdiction, Plaintiff alleges that the amount in controversy exceeds $5,000,000.

Defendant has provided some discovery to Plaintiff which includes Defendants' records as to Plaintiff's account (400 pages of Weekly Payroll summaries for Plaintiff, and a copy of the executed contract between Defendant and Plaintiff.) Defendant has identified the payroll clerk assigned to Plaintiff's account, and the name of the software system Defendant used for payroll functions. (Dkt. 49-5). Plaintiff sought to depose Debbie Canniff, the payroll technician assigned to Plaintiff's account, but Defendant refused to produce the witness for deposition. There is a pending Motion to Compel discovery. (Dkt. 49).

In resolving a factual challenge to the Court's subject matter jurisdiction, the Court is not obligated to accept the factual allegations of the complaint as true and does not view the allegations of the complaint in the light most favorable to the non-movant. The Court may consider extrinsic evidence, including deposition testimony and affidavits, in independently weighing the facts to determine the presence of subject matter jurisdiction. The Court notes that the extrinsic evidence available to the Court is sparse.

A. Mootness

"An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009)(quotations omitted). "A federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)(quotations omitted).

Case No. 8:12-CV-2631-T-17AEP

Defendant asserts that the burden of proof as to subject matter jurisdiction is on Plaintiff. Plaintiff argues that because Defendant contends that Defendant's Offer of Judgment has rendered Plaintiff's claims moot, such that there is no longer a case or controversy, the burden of proof is on Defendant. Because the terms of the Offer of Judgment were entirely within Defendant's control, and because Defendant contends that Defendant has offered full relief to Plaintiff, the Court views the burden of proof to be on Defendant.

1. Evidence of Full Relief

Defendant contends that Defendant's Offer of Judgment offered Plaintiff full relief. Plaintiff responds that Defendant has not set forth evidence that the Rule 68 Offer provides full relief.

Defendant has offered to allow judgment to be entered against Defendant for the "full amount of damages claimed by Plaintiff on all claims and causes of action, including actual damages, injunctive relief, pre- and post-judgment interest, attorney's fees and costs." As to damages, Defendant offered to pay Plaintiff the greater of $16,000, or Plaintiff's verifiable actual damages as determined by Plaintiff.

In determining whether the Offer of Judgment has rendered Plaintiff's claims moot, the Court's starting point is to compare the terms of the Offer of Judgment with the relief sought in the Amended Complaint. A Rule 68 Offer of Judgment is construed according to contract principles. The Eleventh Circuit has held that the offeror has the burden of ensuring clarity and precision in the offer, and any ambiguity in the terms of the offer shall be strictly construed against the offeror. To make an informed choice, the offeree must have a clear understanding of the terms of the offer. Utility Automation 2000, Inc. v. Choctawhatchee Electric Cooperative, Inc., 298 F.3d 1238, 1243-1244 (11th Cir.2002); Johnson v. University College of the University of Alabama

Case No. 8:12-CV-2631-T-17AEP

in Birmingham, 706 F.2d 1205, 1209 (11th Cir.1983).

The Court does not understand the Offer of Judgment to be an agreement by Defendant to permit judgment to be taken against Defendant in the greater of $16,000, or a certain amount of actual damages to be determined by Plaintiff. In other words, the Offer of Judgment is not an offer by Defendant agreeing that "I will pay Plaintiff what Plaintiff wants." By the inclusion of "verifiable," the Court understands Defendant's Offer of Judgment to be based on the payroll records maintained by Defendant pursuant to the contract between the parties, and which document the amount of alleged overcharges Plaintiff paid to Defendant. At this point, the Court does not know the specific amount demanded by Plaintiff, if such a demand has been made; what other items, if any, Plaintiff believes should be included in actual damages, or the amount of Plaintiff's "verifiable actual damages" the payroll records establish. The complete records are within Defendant's hands. The weekly payroll records, if within the docket and if determined to be accurate, would establish the amounts withheld from the gross pay of Plaintiff's leased employees, but not the amounts that were remitted to state and federal governments. Even if the payroll records were within the docket, the weekly reports would not necessarily be sufficient to permit the Court to determine whether Defendant's Offer provides full relief to Plaintiff.

Defendant's Offer of Judgment further provides that, as to other entities that claim to have been injured in the same manner as Plaintiff, Defendant "will consider extending the same offer" and requests that Plaintiff advise Defendant of any such entities.

The factual scenario in this case is not like the Offer of Judgment made in <u>Keim v. ADF MidAtlantic, LLC</u>, 2013 WL 3717737 (S.D. Fla. 7/15/2013), a class action case involving TCPA claims. In that case, plaintiff sought $500.00 per text message for negligent violations of the Act, statutory damages of up to $1,500.00 per text message

9

Case No. 8:12-CV-2631-T-17AEP

for each willful violation of the Act, an injunction requiring defendants to cease all communications in violation of the Act, reasonable attorney's fees and costs, and other appropriate relief. In his complaint, Plaintiff Keim did not allege how many unwanted commercial text messages he had received from Defendants. The Rule 68 Offer provided that "defendants offer to allow judgment to be entered against them for $1,500.00 'for each and every unsolicited commercial text message....allegedly received by Plaintiff...as alleged in his Class Action Complaint." Defendants agreed to: 1) pay Plaintiff's costs, including reasonable attorney's fees; 2) the entry of a stipulated injunction; and 3) to extend an identical offer, with the exception of taxable costs, to certain other persons. The Offer further stated:

> The offer extended herein is intended to fully satisfy the individual claims of [Plaintiff] made in this action or which could have been made in this action, and to satisfy any similar claims of any other person to whom this offer is extended, and to the extent the offer extended does not do so, [Defendants] hereby offer to provide [Plaintiff] or any other eligible person or entity to whom this offer was extended, with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of [Plaintiff] in this action or similar claims of any other person or entity to whom this offer is extended.

In Keim, the Court determined that the Offer was not vague because defendants agreed to pay a sum certain for all messages; the number of all messages could be determined by a review of Keim's cell phone records, and would not involve additional litigation. The Court concluded that defendant's Offer of Judgment mooted Keim's claim.

In this case, Plaintiff alleged Defendant secretly changed its billing practices, did not disclose to its customers that Defendant was continuing to levy charges and withdraw funds after the leased employees reached maximum contribution limits, and

10

Case No. 8:12-CV-2631-T-17AEP

attempted to mislead customers into believing that Defendant was remitting payments to state and federal government. As to the contract claim, Plaintiff alleged that Defendant withdrew inappropriate amounts from the accounts of Plaintiff and the Class Members. At this point, although the allegations of the Complaint are not presumptively true, there is little record evidence for the Court to evaluate in weighing the truth of those allegations. Plaintiff is seeking the award of damages for Count I and Count II; it is not clear to the Court whether the damages sought for Count I and Count II are identical. Plaintiff has not deposed Defendant's employee, the payroll technician assigned to Plaintiff's account; it is unclear what role Defendant and Defendant's payroll technician played in the alleged misleading scheme, which allegedly continued after notice to Defendant.

This case involves issues that remain disputed. It is not as straightforward as a case such as Keim, supra, in which the only remaining issue was the number of telephone calls, which could easily be determined by reviewing the plaintiff's telephone records. Where Plaintiff has not made a sum certain demand, and the parties have not reached a consensus on the amount of damages due to Plaintiff, the issue of damages remains in dispute, and dismissal on the basis of mootness is not appropriate. See, e.g., Taylor v. CompUSA, Inc., 2004 WL 1660939 (N.D. Ga. 6/29/2004).

After consideration, based on the current record, the Court finds that Defendant has not established that the Rule 68 Offer is definitively for more than the amount Plaintiff could recover at trial. The Court therefore denies the Motion to Dismiss as to this issue.

1. Punitive Damages

In the Amended Complaint, Plaintiff seeks the award of punitive damages, in addition to other relief, as noted above. Defendant did not include any amount for

11

Case No. 8:12-CV-2631-T-17AEP

punitive damages in Defendant's Offer of Judgment. Since Defendant did not include all of the relief Plaintiff requested in the Amended Complaint in Defendant's Offer of Judgment, an issue remains for adjudication and therefore this case has not become moot.

The Court understands that Defendant contends that, pursuant to the allegations of the Amended Complaint, Plaintiff could never be entitled to the award of punitive damages. The only counts in the Amended Complaint at this time are FDUTPA, breach of contract, and unjust enrichment. The Court understands Defendant to contend that, as a matter of law, punitive damages are not available for those claims.

The Court notes that Fla. Stat. 501.211 limits an individual's recovery under the FDUTPA to actual damages, plus attorney's fees and court costs. The correct measure of actual damages under the FDUTPA is:

> "[T]he difference in the market value of the product or service in the condition in which it was delivered, and its market value in the condition in which it should have been delivered according to the contract of the parties...."

See Tri-County Plumbing Services, Inc. v. Brown, 921 So.2d 20, 21-22 (Fla. 3d DCA 2006)

Under Florida law, a party to a contract must prove a tort independent from the acts that breach the contract in order to establish entitlement to punitive damages. "In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort. " Griffin v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957). In this case, Plaintiff alleges a statutory claim amounting to fraud in Count I, but only actual damages, attorney's fees and costs are available under the FDUTPA. Plaintiff does not otherwise allege an

12

Case No. 8:12-CV-2631-T-17AEP

intentional tort that could support the award of punitive damages.

As to the unjust enrichment claim, Florida courts have found that awards for unjust enrichment are not punitive, and allowing a plaintiff recovery for more than the benefit conferred would result in an unwarranted windfall. American Safety Ins. Service, Inc. v. Griggs, 959 So.2d 322, 332 (Fla. 5th DCA 2007).

It may be true that punitive damages are not available to Plaintiff, but that issue remains for adjudication. An argument that "goes to the... legal availability of a certain kind of relief...confuses mootness with the merits." Chafin v. Chafin, 133 S.Ct. 1017, 1024 (2013).

Because Defendant's Offer of Judgment does not meet Plaintiff's demand on its own terms, affording the full relief demanded by Plaintiff, the Court denies the Motion to Dismiss as to this issue.

2. Accounting
   Open Terms

Plaintiff also seeks an accounting, but argues that Defendant did not provide an accounting or offer to provide an accounting. Plaintiff further argues that Defendant's Rule 68 Offer leaves terms open in that the issue of damages is a disputed issue which will require adjudication.

Under Florida law, a party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction, and must demonstrate that the remedy at law is inadequate. Parliament Ins. Co. v. Hanson, 676 F.2d 1069, 1072 (5th Cir. 1982). In this case, the parties were in a contractual relationship. Given the extended period of time of that relationship, the number of leased employees, and

13

Case No. 8:12-CV-2631-T-17AEP

volume of the financial transactions between the parties, this case could be found to involve a complex transaction. The allegations of the Amended Complaint may support Plaintiff's entitlement to an accounting. Plaintiff has alleged an equitable claim for unjust enrichment as an alternative to the breach of contract claim in Count II. When a judgment for breach of contract is obtainable, the remedy at law is considered adequate, precluding the need for imposition of the equitable remedy of an accounting. Mary Dee's, Inc. v. Tartamella, 492 So.2d 815, 816 (Fla. 4th DCA 1986).

The Court notes that an Offer of Judgment may include both equitable and monetary relief. In this case, Defendant's Offer of Judgment included monetary relief, and an injunction, as well as an offer to consider making the same offer to other entities which claimed to have suffered damage similar to that of Plaintiff. Defendant's Offer of Judgment was intended to include all of Plaintiff's claims.

At this point, the Court can only look to the allegations of the Amended Complaint and the Offer of Judgment in determining whether the Offer provided full relief to Plaintiff. Since the Offer of Judgment did not include all forms of relief requested by Plaintiff, the Court concludes that the Offer of Judgment did not provide full relief, does not render this case moot, and denies the Motion to Dismiss as to this issue.

The Court noted above that the issue of damages remains in dispute. The Court also notes that Defendant did not unequivocally agree to extend the same offer made to Plaintiff to other entities who claimed to have suffered similar damages to Plaintiff. Because Defendant's Rule 68 Offer of Judgment contains an open term, the Offer does not render this case moot. After consideration, the Court denies the Motion to Dismiss as to this issue.

3. Class Action

Case No. 8:12-CV-2631-T-17AEP

Defendant contends that since Plaintiff's individual claims are moot, and became moot prior to the filing of the Motion for Class Certification, the Court should find it lacks subject matter jurisdiction, and dismiss this case.

Plaintiff responds that other courts have held that an offer of judgment made prior to a class certification filing does not moot the class action.

It is not necessary for the Court to determine this issue; the Court has concluded that Plaintiff's individual claim is not moot, and this case should not be dismissed for lack of subject matter jurisdiction.

In this context, the Court also notes that both parties and the Court are aware of Local Rule 4.04(b), which requires that a plaintiff shall move for class certification within ninety days of the filing of the initial complaint, unless that time is extended for cause shown. The Court granted the requested extensions of time in part to avoid leaving an early filed Motion for Class Certification in pending status, and in part in the hope that any required discovery would be completed prior to filing the Motion for Class Certification, not afterward. Apparently, the required discovery has not been completed. The Court reminds the parties that once a case is filed, the Court is required to resolve it within a limited period of time, not an indefinite period of time. The Court emphasizes that the deadlines in the Case Management and Scheduling Order will not be amended.
Accordingly, it is

**ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 50) is **denied**.

Case No. 8L12-CV-2631-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 28th day of October, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record