UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUGH's CONCRETE & MASONRY CO.,
Individually and on Behalf of All Others
Similarly Situated

    Plaintiff,

vs.                                                                                          CASE NO. 8:12-CV-2631-T-17AEP

SOUTHEAST PERSONNEL LEASING, INC.,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S CONDITIONAL MOTION FOR CLASS CERTIFICATION

This matter comes before the Court pursuant to Plaintiff's, HUGH's CONCRETE & MASONRY CO. ("Plaintiff"), Conditional Motion for and Incorporated Memorandum of Law in Support of Class Certification (Doc. # 56), filed August 12, 2013, and Defendant's, SOUTHEAST PERSONNEL LEASING, INC. ("Defendant"), Response in Opposition (Doc. # 65), filed September 3, 2013. For the reasons that follow, the Motion is **DENIED** without prejudice.

## BACKGROUND

Plaintiff is a Florida corporation, doing business as a residential and commercial concrete contractor. (Doc. # 12, ¶5). Defendant is a Florida corporation, engaged in the business of employee leasing as defined by Florida Statute § 468.520(5). Essentially, Defendant hired Plaintiff's existing employees, leased their employment back to Plaintiff, and, of particular importance to the present action, bore the responsibility of collecting

FUTA, SUTA, and FICA taxes from the leased employees up to the statutorily- or contractually-designated ceilings.

On November 20, 2012, Plaintiff filed its four-count Complaint alleging Defendant violated Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), breached fiduciary duties, breached contracts, and engaged in unjust enrichment. (Doc. # 1, ¶¶36–73). Plaintiff also requested class certification based on similarly-situated entities with which Defendant conducted business. Id. at ¶¶28–35. On February 4, 2013, Plaintiff filed its three-count Amended Complaint, which abandoned the breaches of fiduciary duties, but maintained the request for class certification. (Doc. # 12, ¶¶50–72; ¶¶30–37). Plaintiff alleges Defendant "uniformly and secretly [...] overwithheld payroll taxes from its clients and kept the clients' money as excess profits," which violated FDUPTA, breached the contract between Plaintiff and Defendant, and resulted in unjust enrichment. (Doc. # 56, p. 1). Based on these allegations, Plaintiff requested the following class:

> All clients of [Defendant] or its predecessors who, from January 2009 to the present ("Class Period"), were charged by [Defendant] for FUTA, SUTA or FICA on payroll withholding for a Leased Employee even after the annual FUTA, SUTA or FICA employer obligations for that Leased Employee had been satisfied.

(Doc. # 12, ¶30). Excluded from the requested class certification were "any entities to which [Defendant] previously provided a refund of FUTA, SUTA or FICA overcharges. Id. at ¶31.

## LEGAL STANDARD

The member of the proposed class must initially demonstrate Article III standing before the Court undertakes a formal review of the elements for class certification. Murray v. Auslander, 244 F.3d 807, 810 (11th Cir. 2001); Prado-Stieman v. Bush, 1266, 1268

2

(11th Cir. 2000). Once standing is established, the requirements for class certification are outlined in Rule 23 of the Federal Rules of Civil Procedure. Preliminarily, a member of the proposed class must satisfy the following requirements: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a).

If the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, the member of the proposed class must finally satisfy at least one of the three standards from Federal Rule of Civil Procedure 23(b). The determination of class certification is strictly procedural; Federal Rule of Civil Procedure 23 grants no authority "to conduct a preliminary inquiry into the merits of a suit to determine whether it may be maintained as a class action." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974). While the preliminary inquiry is procedural, however, a court is required to conduct a rigorous analysis, and a party seeking class certification must affirmatively demonstrate compliance with Rule 23—that the factual record demonstrates these requirements are sufficiently met. Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011); Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1188 (11th Cir. 2003).

## ANALYSIS

### I. Article III Standing

On February 21, 2013, Defendant filed its Motion to Dismiss, (Doc. # 19), which Plaintiff opposed on March 5, 2013. (Doc. # 21). On June 11, 2013, this Court denied

3

Defendant's Motion to Dismiss, and found Plaintiff stated claims upon which relief could be granted. (Doc. # 35). The Court's findings are reincorporated by reference; however, Plaintiff admitted none of its employees reached the maximum contribution for FICA, and thus did not suffer injury from FICA overwithholdings. (Doc. # 12, ¶21). Therefore, based on the foregoing, the Court maintains Plaintiff has Article III standing to proceed with respect to FUTA and SUTA claims on behalf of the class, but not with respect to FICA claims, and strikes FICA from the proposed class.

## II. Federal Rule of Civil Procedure 23(a) Requirements

### A. Numerosity

To satisfy numerosity, a member of the proposed class must establish that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). A court may use common sense assumptions to find support for numerosity, Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983), and the precise number of known class members is not necessary. Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000); Barlow v. Marion County Hospital Dist., 88 F.R.D. 619, 625 (M.D. Fla. 1980). Generally, a class comprising of at least 40 members is adequate, and less than 21 members is inadequate. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986). However, a member of the proposed class must show some evidence of, or reasonably estimate, the number of class members. Id. Mere speculation, bare allegations, or unsupported conclusions are inadequate to establish the numerosity requirement. Id.

To meet this burden, Plaintiff solely cites to the allegations in its Amended Complaint. (Doc. # 56, p. 8). Plaintiff alleges the Defendant's status as one of the largest privately owned companies in Florida, (Doc. # 12, ¶¶6, 8); Defendant's broad Internet

advertising campaign, (Doc. # 12, ¶¶6, 14); Defendant's uniform method of fraudulently withholding certain taxes, (Doc. # 12, ¶¶16–17, 27); and Defendant's representative's acknowledgment of the uniform method of fraudulently withholding certain taxes. (Doc. # 12, ¶28). Defendant admitted its status as one of the largest privately owned companies in Florida and that it maintained the alleged website, but denied the remainder of the allegations by which Plaintiff seeks to establish numerosity. (Doc. # 41, ¶¶6, 8, 14, 16–17, 27, and 28). Therefore, as Defendant has denied the allegations contained in Plaintiff's Amended Complaint, and Plaintiff has not offered any substantive proof at this stage in litigation to allow the Court to make even the most rudimentary common sense assumptions, the Court cannot find Plaintiff's bases for numerosity go beyond mere speculation, bare allegations, or unsupported conclusions. Thus, Plaintiff fails the numerosity requirement. See Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1267 (11th Cir. 2009) (holding that a plaintiff bears the burden of making some showing, affording the district court the means to make a supported factual finding, to meet the numerosity requirement) (emphasis in original).

This Court recognizes there are outstanding discovery motions by which Plaintiff may acquire discovery and relevant materials to satisfy this requirement. In particular, the original documents sought would require Defendant "to make an inquiry of all of its client payroll accounts across 17 states over a period of eight (8) years…which would entail combing through tens of thousands of documents…and would take hundreds (or more) of hours of labor" which might eventually satisfy the numerosity requirement; however, as of the date of this Order, Plaintiff has failed to provide any evidence to meet its burden.

### B. Commonality

To satisfy commonality, a member of the proposed class must establish common questions of law or fact exist amongst the class. Fed. R. Civ. P. 23(a)(2). To meet this requirement, class members must have suffered the same injury. Dukes, 131 S.Ct. at 2551 (quoting Gen. Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157 (1982)). It is not enough, and is in fact error, for a district court to presume one instance of misconduct was common to all members of the class; plaintiff must demonstrate a sufficient basis by which its complaint sufficiently encompasses questions of law or fact common to the proposed class. Falcon, 457 U.S. at 158–159. The threshold for commonality is not high, but one issue affecting all, or a significant number, of the class members is necessary. Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101, 1106 (5th Cir. 1993).

To meet this burden, Plaintiff claims Defendant entered into standardized agreements with Plaintiff and class members, and also engaged in the uniform practice of misrepresenting and improperly charging FUTA, SUTA, and FICA, but only offers the allegations contained within the Amended Complaint. (Doc. # 12, ¶¶11–15, 16–17, 63). Defendant admitted it entered into a 2003 written contract with Plaintiff, but denied the remainder of the allegations. (Doc. # 41, ¶¶11–15, 16–17, 63). Plaintiff failed to offer any evidence beyond the allegations in the Amended Complaint, and simply asserts the "common injury" of paying inappropriate pass-through charges is sufficient to meet the commonality requirement. (Doc. # 56, pp. 9–10). Again, while the Court recognizes the outstanding discovery issues, at this stage Plaintiff has failed to meet its burden of providing evidence of commonality among the potential class members—Plaintiff has not

offered any evidence of injury to similarly-situated members of the proposed class, which, at present, is nothing more than a bare allegation and unsupported conclusion.

Of particular note, Defendant offered evidence to suggest Plaintiff was governed under a 2003 version of the contract, while the potential class members were governed under a later, 2005 version of the contract. Should Plaintiff fail to establish evidence to the contrary, Plaintiff might alternatively fail the commonality requirement, as the material terms and conditions of the contracts could vary to further deny certification based on lack of commonality. See Vega, 564 F.3d at 1272 (denying class certification based on lack of commonality when plaintiff and proposed class members entered into materially different contracts and compensation schedules).

**C. Typicality**

To satisfy typicality, a member of the proposed class must establish its claims are typical of the proposed class' claims. Fed. R. Civ. P. 23(a)(3). While commonality refers to the group characteristics of the class, typicality addresses the individual characteristics of the Plaintiff with respect to the class. Prado-Stieman, 221 F.3d at 1279 (citing Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)). "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1322 (11th Cir. 2008) (quoting Prado-Steiman, 221 F.3d at 1279). Typicality is satisfied when the plaintiff's claims "arise from the same event or pattern or practice and are based on the same legal theory as the claims of the class." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984), cert. denied, 470 U.S. 1004 (1985). Factual distinctions between a plaintiff's

claims and the class' claims will not necessarily defeat a finding of typicality. Appleyard v. Wallace, 754 F.2d 955, 963 (11th Cir. 1985).

To meet this burden, Plaintiff "expects to show" after conducting discovery that all class members, including Plaintiff, "were damaged in the same manner and suffered the same injuries in the form of FUTA, SUTA, and FICA overcharges," and cites paragraphs 16, 17, and 26 of the Amended Complaint. (Doc. # 56, p. 11). Aside from these bare allegations, Plaintiff offers no evidence to suggest Plaintiff's claims arise from the same event or practice of Defendant, rendering them unsupported conclusions as with numerosity and commonality, discussed supra. Absent any such evidence that Plaintiff and the proposed class suffered the same harm, the Court is powerless to draw reasonable, common sense assumptions, and must find Plaintiff failed to meet its burden for typicality.

**D. Adequacy**

To satisfy adequacy, a member of the proposed class must establish it will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This requirement is met when the class representative has no interests conflicting with the class, and the class representative and its attorneys will properly prosecute the case. Sosna v. Iowa, 419 U.S. 393, 403 (1975) (emphasis added); Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987).

To meet this burden, Plaintiff has enumerated the damages, injuries, positions of the class members, and proposed relief sought—both injunctive and compensatory. Further, Plaintiff has provided resumes for its counsel, which include admission to numerous state and federal bars, as well as prosecution of a number of complex litigation

and class action claims. While Plaintiff admitted "[b]etween 2006 and 2012, all or most of Hugh's Leased Employees reached the SUTA and FUTA maximum contribution threshold[s] (none reached the FICA maximum)," (Doc. # 12, ¶21), the fact that Plaintiff does not have a claim for FICA overwithholding does not render Plaintiff's position contrary or antagonistic to the class members, as FICA is stricken. The Court finds Plaintiff has presented adequate evidence to carry the burden with respect to adequacy.

### III. Federal Rule of Civil Procedure 23(b) Requirements

As Plaintiff failed to meet the burden for the Federal Rule of Civil Procedure 23(a) requirements, this Court declines to address the sufficiency of Plaintiff's Rule 23(b) contentions. Accordingly, it is

**ORDERED** that:

(1) Plaintiff's Conditional Motion for Class Certification is **DENIED** without prejudice;

(2) Plaintiff may move this Court for reconsideration in the event Plaintiff obtains evidence which would prove the deficient elements for class certification. Any such motion for reconsideration shall not exceed fifteen (15) pages and must be filed within thirty (30) days of receipt of the evidence, accompanied by a sworn certificate by the representative attorneys attesting to the source of the information and date the information was obtained.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of February, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record